UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DANIEL SYED,

    Petitioner,

                            CASE NO. 5:06-CV-14459-DT
v.                          HONORABLE JOHN CORBETT O'MEARA
                            UNITED STATES DISTRICT JUDGE

HAROLD WHITE,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE
PETITION FOR WRIT OF HABEAS CORPUS**

      David Daniel Syed, ("Petitioner"), presently confined at the Mound Correctional Facility in Detroit, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his *pro se* application, petitioner challenges his conviction for first-degree criminal sexual conduct, M.C.L.A. 750.520b, and being a second habitual offender, M.C.L.A. 769.10. For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

**I. Background**

      On May 14, 1996, petitioner pleaded no contest to one count of first-degree criminal sexual conduct and to being a second habitual offender. In exchange for his plea, the parties agreed that petitioner's minimum sentence would be no greater than ten years. The parties

---

[1] When petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Parnall Correctional Facility, but has since been transferred to the Mound Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Normally, the Court would order that the caption of the case be amended to reflect that the proper respondent in this case is Kenneth A. Romanowski, the warden of Mound Correctional Facility, the current location of petitioner. However, because the Court is denying the petition, it will not do so in this case. *See Logan v. Booker,* No. 2007 WL 2225887, * 1, n. 1 (E.D. Mich. August 1, 2007).

indicated that the reason for the no contest plea was that petitioner lacked sufficient memory of the incident due to the ingestion of alcohol to make out a proper factual basis.(Plea Tr., pp. 3-4).

Prior to accepting the plea, the trial court advised petitioner of the maximum penalties for the charges and the constitutional rights that he would be relinquishing by pleading no contest. Petitioner indicated to the court that he was 33 years old and was two classes away from graduating from Saginaw Valley State University with a degree in social work. Petitioner informed the court that he had discussed the matter with his trial counsel, understood the nature of the charges against him, and was pleading no contest freely and voluntarily. Petitioner further acknowledged that he was aware that by pleading no contest, he was giving up his constitutional right to a trial. (*Id.* at pp. 4-10). The trial court then proceeded to use the preliminary examination transcript to establish the factual basis for the plea. (*Id.*).

On June 12, 1996, petitioner was sentenced to ten to fifty years in prison.

In 2005, the trial court appointed appellate counsel for petitioner, in the aftermath of the Supreme Court's decision in *Halbert v. Michigan,* 545 U.S. 605(2005). Appellate counsel filed a motion to withdraw his no contest plea, which was denied. The Michigan appellate courts denied petitioner leave to appeal. *People v. Syed,* No. 265345(Mich.Ct.App. November 1, 2005); *lv. Den.* 475 Mich. 884(2006).

Petitioner seeks a writ of habeas corpus on the following grounds:

I.  Defendant was deprived of his Ams V and XIV rights of due process when his plea was taken under circumstances where it could not be considered voluntary.

II. Defendant was deprived of his Ams V and XIV rights of due process and his Am VI right to the effective assistance of counsel when his trial counsel failed to call an expert witness in order to present evidence of the effect of medication upon defendant's mental processes.

III. Defendant was deprived of his Ams V and XIV rights of due process when the trial court denied appellate counsel's motion for a pharmacological expert.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases: An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## III. Discussion

**A. Claim # 1. The involuntary plea claim.**

Petitioner first claims that his plea was involuntary, because he was taking certain medications which impacted his ability to knowingly and intelligently plead no contest.

A guilty or no contest plea that is entered in state court must be voluntarily and

3

intelligently made. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 749 (E.D. Mich. 2005)(citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)). In order for a plea of guilty or no contest to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991); *Shanks,* 387 F. Supp. 2d at 749. The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his plea of guilty or no contest, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty or no contest plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.* A federal court will uphold a state court guilty or no contest plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty or no contest. *Shanks,* 387 F. Supp. 2d at 749. Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his guilty plea, as evidenced by the plea colloquy, is valid. *Id.*

Petitioner claims that his plea of no contest was involuntary, because he was under the influence of various psychotropic medications at the time of his plea which impacted his ability to make a rational decision. Petitioner essentially argues that he was not mentally competent to enter a plea of no contest to the charge.

A defendant may not be put to trial unless he or she has a sufficient present ability to

4

consult with his lawyer with a reasonable degree of rational understanding and a rational as well as a factual understanding of the proceedings against him. *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996). The competency standard for pleading guilty is the same as the competency for standing trial and is not a higher standard. *Godinez v. Moran*, 509 U.S. 389, 398 (1993).

Petitioner has presented no evidence that he was unable to understand the proceedings against him or assist his attorney. Not every manifestation of mental illness demonstrates incompetency to stand trial. Neither low intelligence, mental deficiency, nor the fact that a defendant has been treated with anti-psychotic drugs can automatically be equated with incompetence. *Burket v. Angelone*, 208 F. 3d 172, 192 (4th Cir. 2000); *Miles v. Dorsey*, 61 F. 3d 1459, 1474 (10th Cir. 1995); *Hastings v. Yukins,* 194 F. Supp. 2d 659, 671-672 (E.D. Mich. 2002). Major depression, generalized anxiety, or even borderline personality disorders do not necessarily show that a defendant is unable to consult with his or her lawyer or is incapable of understanding the proceedings against him or her, to establish that the defendant is incompetent to stand trial, *United States v. Teague,* 956 F. 2d 1427, 1432 (7th Cir. 1992), nor will every suicide attempt create a bona fide doubt concerning a defendant's competency to stand trial. *Hastings,* 194 F. Supp. 2d at 672.

In the present case, a review of petitioner's plea transcript shows that he was "lucid and articulate" at the time that he entered his plea of no contest and was responsive to the trial court's questions. Petitioner has presented no evidence that he was not in possession of his mental facilities at the time that he entered his plea of no contest, therefore, any "after the fact" incompetency claim would be without merit. *See United States v. Calvin,* 20 Fed. Appx. 452, 453 (6th Cir. 2001); *Hastings v. Yukins,* 194 F. Supp. 2d at 672. Petitioner is not entitled to

habeas relief on this claim because there was nothing in the no contest plea transcript to indicate that the prescriptions being taken by petitioner reduced his understanding of the proceedings. *See e.g. Williams v. Hargett,* 9 Fed. Appx. 958, 962 (10th Cir. 2001). Petitioner is not entitled to habeas relief on his first claim.

### B. Claim # 2. The ineffective assistance of counsel claim.

In his second claim, petitioner contends that counsel was ineffective for failing to call an expert witness to essentially challenge petitioner's competency to plead no contest.

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687. A petitioner is entitled to habeas relief on his or ineffective assistance of counsel claim if he or she can satisfy both prongs of the *Strickland* test. *See Hall v. Vasbinder,* 551 F.Supp.2d 652, 672 (E.D. Mich. 2008).

As mentioned when addressing petitioner's first claim, petitioner has presented no evidence that he was mentally incompetent at the time that he pleaded no contest. Conclusory allegations of ineffective assistance of counsel, without evidentiary support, do not justify habeas relief. *See Payne v. Smith,* 207 F. Supp. 2d 627, 650 (E.D. Mich. 2002). A defendant is not prejudiced by counsel's failure to seek a competency examination, absent an actual basis to support a claim of incompetency at the time of the proceeding. See *Bair v. Phillips,* 106 F.

Supp. 2d 934, 941 (E.D. Mich. 2000). Defense counsel's failure to challenge petitioner's competency to plead no contest did not amount to deficient performance, in the absence of any evidence that petitioner was acting abnormally at the time of his pre-trial or plea hearings. *Id.* at 942. In light of petitioner's lucid, minutely detailed, and responsive testimony and remarks at his no contest plea and at sentencing, petitioner is unable to establish that he was prejudiced by counsel's failure to raise the question of his competency to stand trial. *See Bainter v. Trickey,* 932 F. 2d 713, 716 (8th Cir. 1991).

### C. Claim # 3. The claim involving the appointment of a pharmacological expert.

Petitioner lastly contends that the trial court erred in refusing to appoint a pharmacological expert to assist appellate counsel in understanding the effect of the various medications that petitioner was taking on his mental and emotional state.

A state trial court's denial of a court-appointed independent expert psychiatrist to assist an indigent defendant is subject to harmless error review. *See Powell v. Collins,* 332 F. 3d 376, 393 (6th Cir. 2003). In light of the fact that petitioner has presented no evidence to this Court to establish that he was incompetent at the time of his plea, the trial court's failure to appoint a pharmacological expert for appellate counsel was harmless error at most.

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different

manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A district court has the power to deny a certificate of appealability *sua sponte*. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

     For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen,* 156 F. Supp. 2d at 798.

## V. ORDER

     Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

     IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

     IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

                              s/John Corbett O'Meara
                              United States District Judge

Date:  March 31, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this

date, March 31, 2009, by electronic and/or ordinary mail.

s/William Barkholz  
Case Manage